LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Hill Electric, Inc.

v.

James A. Burkett, Jr., et al.

October 5, 1972

Case No. 4713

By JUDGE ALEX H. SANDS, JR.

This case is on appeal to this court from the Civil Justice Court of the City of Richmond. The suit was originally instituted by the plaintiff Hill Electric, Inc. against Hiram W. Adams, Jacquelyn C. Adams, James A. Burkett, Jr. and Betty S. Burkett, individually and trading as Able Corporation. All defendants except James A. Burkett, Jr. have been non-suited so that the posture of the case before this court is Hill Electric, Inc. v. James A. Burkett, Jr.

Articles of Incorporation of Able Corporation were approved by the State Corporation Commission on January 8, 1970, and a certificate of incorporation was issued to Able Corporation on January 12, 1970. The Articles of Incorporation provided for a maximum stock issue of $50,000 and listed Burkett as one of the four initial directors.

Subsequent to this, the corporation undertook certain home repair work and contracted a bill with the plaintiff for electrical equipment purchased upon which there is a present unpaid balance due of $220.08.

Subsequent to this time, the charter of the corporation was revoked by the Corporation Commission because of the failure of the corporation to file the stock statement required by statute. It is plaintiff's contention that the filing of the stock statement was essential to the coming into being of the corporation, that the statement not having been filed, there was never any actual corporate existence and, therefore, the defendant is personally liable for the indebtedness of the corporation to the plaintiff under the circumstances. Plaintiff points to § 13.1-53 of the Code, which requires that the initial issue of stock as stated in the stock statement filed with the Commission must be paid in before the corporation is permitted to transact any business or incur any indebtedness.

The prime question before the court is whether or not the filing of a stock statement as required by law is a condition precedent to the corporation's coming into existence. If this be true and there was no corporate existence at the time that this debt was incurred, then clearly there would be liability upon the defendant individually even though all of the dealings of the plaintiff had nominally been with the corporation.

Virginia Code, § 13.1-52 provides that "upon the issuance of the certificate of incorporation, the corporate existence shall begin. The certificate of incorporation shall be conclusive evidence that all conditions precedent required to be performed by the incorporators have been complied with and that the corporation has been incorporated under this act." Although, therefore, the following section (§ 13.1-53) requires certain further acts before the corporation be allowed to transact business or incur indebtedness, a violation of this statute, while subjecting the corporation or its directors to a penalty, does not affect the existence of the corporation. It was, under § 13.1-52, a corporate entity at the time that the certificate of incorporation was issued.

The precise point here involved appears to have been before the court in Branning Manufacturing

Co. v. Norfolk-Southern Railroad Co., 138 Va. 43. Here, prior to the time that the charter of the corporation was actually issued, the organizers of the corporation, in the name of the corporation, entered into a contract with the plaintiff. Plaintiff attempted to hold the individual organizers of the corporation personally liable for damages flowing from the alleged breach of contract upon the ground that the corporation was not in existence at the time. The court refused to hold the individual promoters personally liable upon the grounds that even though the corporation was not at the time of the contract actually a de jure corporation, the contract was actually made on behalf of the corporation and that the credit was extended to a corporation which was then in the process of formation and which shortly thereafter procured its charter.

It will appear, therefore, that regardless of what penalties the Able Corporation or the individual promoters may have incurred individually because of failure to comply with § 13.1-53 of the Code, the corporation was actually in existence prior to the incurring of this indebtedness, the plaintiff dealt with the corporation as a corporation and the plaintiff should not, therefore, be permitted to pierce the corporate veil and hold the defendant personally liable for the indebtedness incurred by the corporation.

It is perfectly apparent that the holding in the old case of Martin v. South Salem Land Co., 94 Va. 28, holding that a subscription to the minimum amount of stock required at a meeting of the stockholders to be a condition precedent to the existence of a corporation, is nullified by the enactment, by the legislature, of § 13.1-52 above referred to.

For the above reasons, it is held that the defendant is not personally liable for this obligation and judgment will be for the defendant. It might be added, parenthetically, that from an equitable standpoint, although it has nothing to do with the decision in this case, in fact the defendant did personally deliver to the corporation as assets of the corporation two

trucks for which he had paid personally and an automobile for which he had paid personally all three of which vehicles were applied to satisfaction of a tax lien against the corporation.

An order is accordingly this day being entered in favor of the defendant, James A. Burkett, Jr.